UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 17-5169-GW(FFMx) | Date | October 11, 2018 |
| Title | *Cedars Sinai Medical Center v. Quest Diagnostic Incorporated* | | |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Katie Thibodeaux | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Olivia M. Kim | Christopher S. Ruhland |
| Lisa D. Zang | Anna Q. Do |

**PROCEEDINGS:**  **PLAINTIFF CEDARS-SINAI MEDICAL CENTER'S MOTION FOR REVIEW OF RULING ON MOTION TO COMPEL [104]**

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. Plaintiff's Motion is DENIED.

: 15

Initials of Preparer   JG

*Cedars-Sinai Medical Center v. Quest Diagnostics, Inc.*; Case No. 2:17-cv-05169-GW-(FFMx)
Tentative Ruling on Plaintiff's Motion for Review of Ruling on Motion to Compel

I. **INTRODUCTION**

Pending before the Court is Plaintiff's Motion for Review of Ruling on Motion to Compel. Docket No. 104. Defendants have filed an Opposition (Docket No. 109) and Plaintiff has filed a Reply (Docket No. 110).

For the reasons stated herein, Plaintiff's motion would be **DENIED**.

II. **LEGAL STANDARD**

28 U.S.C. § 636, which establishes the jurisdiction and powers of magistrate judges, provides: "A judge of the court may reconsider any pretrial matter [under this subparagraph] where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Similarly, Rule 72 of the Federal Rules of Civil Procedure establishes that a district judge − considering objections to a magistrate judge's order − "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *Id.* at 72(a). Accordingly, district courts grant a high level of deference to orders issued by magistrate judges. *See Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991).

III. **DISCUSSION**

Plaintiff previously brought a motion to compel before the Magistrate Judge assigned to this matter, seeking an order compelling Defendants to respond to various requests for production. The Magistrate Judge denied the motion in part and granted the motion in part. The Magistrate Judge's ruling at the hearing denying Plaintiff's motion to compel did not provide the reasoning underlying the rulings. *See also* Docket No. 95 (Minutes of Motion to Compel Hearing). Specifically, the Magistrate Judge denied Plaintiff's motion to compel discovery on three grounds for which Plaintiff now seeks review:

- Plaintiff's Request for Production No. 12 (related to products and services sold with the accused product, *see* Joint Stipulation, Section II.I (Docket No. 87-1 at 38-44);
- Plaintiff's Requests for Production Nos. 31 and 32 (related to Defendants' customer and use information; *see* Joint Stipulation, Section II.K. (Docket No. 87-1 at 47-50)); and
- Plaintiff's Requests for Production Nos. 11, 33, and 41 (related to how Defendants met regulatory requirements for the accused product; *see* Joint Stipulation, Section II.M. (Docket No. 87-1 at 53-57)).

For each of these categories, Plaintiff argues that the Magistrate Judge's ruling denying the motion to compel is contrary to law.

Defendants primarily oppose the Motion on the ground that it was filed a day late. Under Rule 72(a) and Local Rule 72-2.1, a party must file its motion for review of a magistrate judge's ruling within 14 days. Docket No. 109 at 3-4. Plaintiff filed its motion for review 14 days after the minutes of the motion to compel hearing were served, and 15 days after the actual hearing occurred. Plaintiff also argues that Defendants' unavailability to meet and confer delayed the

1

time for Plaintiff to file the motion. Docket No. 110 at 5-6. Further, Plaintiff notes that Defendants have not identified any prejudice flowing from the timing of Plaintiff's filing. *Id.* at 7. The Magistrate Judge did not state at the hearing that his oral ruling would not be followed by a written ruling. Further, the minutes of the hearing state, "Plaintiff's motion to compel is granted and denied as stated on the record." Docket No. 95. Under the circumstances presented by this dispute, Plaintiff's motion for review will be considered.

Regarding Requests 31 and 32, Plaintiff emphasizes that whether Defendants sell the accused product with other items is relevant to Plaintiff's damages calculation. *See, e.g.*, Docket No. 104-1 at 8-14. Defendants argue that, as they stated at the hearing, they do not bundle the accused product with other items. Docket No. 109 at 8. Defendants argue, "Cedars-Sinai has not articulated any basis for discovery on unrelated tests merely because Quest sells them at the same time." *Id.* at 8. Defendants refer to the Federal Circuit's requirements for convoyed sales to further support its position. *Id.* at 8. In reply, Plaintiff does not directly address the standard articulated by the Federal Circuit to show a convoyed sale, but instead argues that Defendants have failed to address another aspect of its discovery requests. Specifically, Plaintiff argues that it should be able to discover other products and services that the accused product is offered for sale and marketed with, and "whether and how failing to include the Accused Products and Services in Quest's offering of products and services would affect the sales, price, or cost of Quest's products and services." Docket No. 110 at 8 (citing Request 31 and 32; *see* Docket No. 104-1 at 8). In other words, Plaintiff fails to sufficiently address concerns about the overbreadth of these requests, particularly when compared to the standard for obtaining reasonable royalty damages via convoyed sales. The Magistrate Judge did not abuse his discretion in denying Plaintiff's motion to compel as to Plaintiff's Requests 31 and 32.

Regarding Request 11, Plaintiff argues, "discovery of information sent from customers to Quest is relevant to determine whether customers send 'isolated biological sample[s]' to Quest and whether customers "desir[e] diagnosis" of IBS and/or IBD." Docket No. 104-1 at 15. Plaintiff also argues that Request 11 is relevant to the determination of a reasonable royalty. *Id.* at 16. Defendants argue that Plaintiff's arguments regarding its patent infringement claim were not raised before the Magistrate Judge and thus should not be considered. Docket No. 109 at 12. Plaintiff does not respond to this assertion in its reply. Indeed, in the section of its reply regarding Requests 11, 33, and 41, it does not address this requested discovery at all, including concerns with the overbreadth of this request. Given Plaintiff's nonfeasance, this Court concludes that the Magistrate Judge did not abuse his discretion in denying Plaintiff's motion to compel as to Plaintiff's Request 11.

Regarding Request 33, Plaintiff "seeks only the unveiling of redacted information in a sales data spreadsheet that Quest produced." Docket No. 104-1 at 16. Plaintiff argues that the "customer identities are relevant to determining lost profits in terms of whether and the extent to which there is an overlap in customers between Cedars-Sinai's licensees and Quest – that is, whether Quest's customers would otherwise have been customers of Cedars-Sinai licensees." *Id.* at 17. Plaintiff also states that customer identities are relevant to its claims of induced infringement, as Plaintiff may need to subpoena and depose Defendants' customers regarding their decision making process in purchasing the accused products and services. *Id.* Defendants respond that this highly confidential trade secret information not proportional to the needs of the case "when balancing the burden of providing this sensitive discovery compared to the marginal benefit." Docket No. 109 at 12. Although the Court finds that Defendants' customer's identities

may be appropriately sought by Plaintiff for purposes of investigating its claims and defenses in this case, Plaintiff does not explain why those identities could not be discovered via an interrogatory as opposed to via a trade secret document that discloses the exact sales information associated with each customer.  In other words, Plaintiff has not explained why it is necessary for it to have information linking the exact number and amount of sales to a particular customer identity.  The Magistrate Judge did not abuse his discretion in denying Plaintiff's motion to compel as to Plaintiff's Request 33.

Regarding Request 41, Plaintiff states that it has narrowed the request to "documents sufficient to identify all kinds of arrangements that Quest would have had with their customers." Docket No. 104-1 at 20 (citing Motion to Compel Hearing Tr., Aug. 28, 2018 ("Hearing Tr."), Docket No. 104-3 at 24:13-15).  Plaintiff argues that contracts with customers and third-party providers are relevant to damages.  Plaintiff states, "[f]or example, Quest's customer contracts may contain information about pricing discounts or provisions that apply only to bulk orders of Quest's [accused product] or that apply only to orders in which various Quest services are sold together with [the accused product]." *Id.* at 19.  Defendants respond that this highly confidential trade secret information not proportional to the needs of the case "when balancing the burden of providing this sensitive discovery compared to the marginal benefit." Docket No. 109 at 12.  For similar reasons as to Request 33, Plaintiff fails to explain why an interrogatory regarding this information would be insufficient for Plaintiff to obtain the information it purports to seek, and why it is necessary to link the identities of certain of Defendants' customers to Defendants' contractual relationship with those customers.  The Magistrate Judge did not abuse his discretion in denying Plaintiff's motion to compel as to Plaintiff's Request 41.

Regarding Request 12, Plaintiff states, "[i]n an effort to narrow this Request, Cedars-Sinai proposed limiting it to 'documents sufficient to show' − as opposed to '[a]ll documents, communications, or things related to' − how Quest met regulatory requirements in order to make the accused product . . . commercially available." Docket No. 104-1 at 20 (citing Hearting Tr. 6:14-17).  Plaintiff argues that these document are relevant to show whether Defendants improperly used any of Plaintiff's trade secret and confidential information in order to obtain regulatory approval. *Id.* at 21.  Plaintiff also states that these documents would also show when Defendants began developing the accused product.  Defendant responds by arguing that the request is overbroad and cumulative, as "Quest has produced documents showing when and how it developed [the accused product] and would produce any documents that refer[ ] to Cedars-Sinai's clinical trials." Docket No. 109 at 14 (citing Hearing Tr. 9:8-22).  Plaintiff does not substantively address this request in its reply, and specifically fails to respond to Defendants' explanations regarding the documents they have already agreed to produce.  Based on Defendants' representations regarding the other documents it has already produced or is willing to produced, Plaintiff has failed to show that the Magistrate Judge abused his discretion in denying the full scope of discovery as to Plaintiff's Request 12.

## IV.   CONCLUSION

Plaintiff's motion would be **DENIED**.